IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| **DEREK LAMAR TOMPKINS** | * | |
| Petitioner | * | |
| v. | * | CIVIL NO. JKB-16-2395 |
| | | CRIMINAL NO. JKB-15-0165 |
| **UNITED STATES OF AMERICA** | * | |
| Respondent | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is the Petitioner's MOTION PURSUANT TO TITLE 28 U.S.C. § 2255 TO VACATE OR SET ASIDE A CONVICTION (ECF No. 31). The Court has carefully reviewed the Petitioner's MOTION and the Memorandum submitted in support of it. The Court has also carefully reviewed the GOVERNMENT'S RESPONSE (ECF No. 35) as well as relevant portions of the record.

The Court concludes that the Petitioner is not entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Armed bank robbery remains a "crime of violence" under the force clause. *United States v. McNeal*, 818 F. 3d 141 (4th Cir. 2016).

During his rearraignment hearing, the Court carefully and thoroughly advised the Petitioner as to the essential elements of the two offenses with respect to which he proposed to plead guilty. Further, the Court carefully reviewed with the Petitioner the maximum possible penalties that could be imposed on each count to which he asked to plead guilty. Finally, the Defendant verified for the Court that he had been fully and carefully advised by his attorney, and that he had full faith in his lawyer. No information or evidence presented by the Petitioner now

is sufficient to persuade the Court that he received ineffective assistance of counsel.  *See*, *Strickland v. Washington*, 104 S. Ct. 2052 (1984).  Specifically, the Petitioner does not demonstrate that defense counsel's performance was deficient nor does he demonstrate that any deficiency in that performance prejudiced him.

      Accordingly, the Petitioner's MOTION (ECF No. 31) is DENIED.

DATED this 28th day of November, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge